FILED
at____O'clock &____min____M
FEB 2 7 2008
United States Bankruptcy Court
Columbia, South Carolina (25)

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 07-06862-JW |
| Johnnie W. McFadden, | Chapter 13 |
| Debtor(s). | ORDER |

This matter comes before the Court upon the Petition to Dismiss Chapter 13 Case with Prejudice ("Petition") filed by the chapter 13 trustee, William K. Stephenson, Jr. ("Trustee"). The Trustee asserts that the filing of this case represents "bad faith" and constitutes unreasonable delay that is prejudicial to creditors. The debtor, Johnnie W. McFadden ("Debtor"), filed an objection to the Petition. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law:[1]

### FINDINGS OF FACT

1.  This is Debtor's sixth bankruptcy case.[2] Debtor was a debtor in a prior bankruptcy case that was pending within the year before the filing of this case.

2.  Debtor's most recent prior chapter 13 case, Case No. 06-05326, was filed on November 26, 2006. Debtor's mortgage creditor, Green Tree Servicing, L.L.C. ("Green Tree"), filed a motion for relief from stay on June 21, 2007. On July 27, 2007, Debtor entered into a settlement order with Green Tree to cure her post petition arrearage. Green Tree obtained relief from the automatic stay on September 18, 2007 because

---

[1] To the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

[2] Debtor's previous cases were all filed under chapter 13 and include: Case No. 92-70181 (filed January 9, 1992 and discharged August 17, 1993); Case No. 93-73293 (filed July 2, 1993 and discharged December 12, 1994); Case No. 96-78481 (filed November 18, 1996 and dismissed May 27, 1998 for nonpayment); Case No. 02-06603 (filed June 3, 2002 and discharged April 19, 2004); Case No. 06-05326 (filed November 21, 2006 and dismissed October 9, 2007 for nonpayment).

ENTERED
FEB 27 2008
R.L.S.

Debtor defaulted on the settlement order. This case was ultimately dismissed on October 9, 2007 because Debtor failed to make payments to the Trustee as required under her confirmed plan.

3. Debtor filed this current case under chapter 13 of the Bankruptcy Code on December 10, 2007, within a year of the dismissal of her previous case.[3] Thus, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay in Debtor's case was scheduled to expire thirty days after the petition date unless extended pursuant to § 362(c)(3)(B).

4. Debtor did not file a motion to extend the automatic stay pursuant to § 362(c)(3)(B), because her counsel believed that Debtor's case did not meet the requirements for extending the stay. Accordingly, the automatic stay in Debtor's case expired on January 9, 2008.

5. On January 9, 2008, the Trustee filed his Petition to dismiss Debtor's current case with prejudice. The Trustee asserts that Debtor's case should be dismissed with prejudice because (1) Debtor has had a previous chapter 13 case dismissed within the preceding one year, (2) Debtor is unable to show a change in circumstances that would justify a refiling under Chapter 13, and (3) the filing of this case represents "bad faith" and constitutes unreasonable delay that is prejudicial to creditors.

6. In response to the Trustee's Petition, the Debtor asserts that there has been a change in circumstances that justifies the filing of this case because Debtor's household income has increase as a result of her spouse returning to work. Debtor's spouse was receiving worker's compensation benefits during her previous case.

---

[3] Debtor filed the current case pro se. Debtor retained counsel in early January to assist her with the case.

2

## **CONCLUSIONS OF LAW**

The term, "good faith," is not specifically defined by the Bankruptcy Code, yet a debtor is required to demonstrate good faith to satisfy the requirements of several statutes within the Code. In order to obtain confirmation of their chapter 13 plan, debtors are required to propose their plan in good faith under § 1325(a)(3) and to file their petition in good faith under § 1325(a)(7).[4] To avoid the termination of the automatic stay, a debtor, who has had a case pending and dismissed during the one year period preceding the filing of his current case, must demonstrate the case was filed in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3). Similarly, under § 362(c)(4), a debtor who has had more than one case pending and dismissed during the one year preceding the filing of his current case must demonstrate the case was filed in good faith as to the creditors to be stayed in order to have the automatic stay imposed in their case.

A "good faith" requirement for filing a case is also implied by § 1307(c) of the United States Bankruptcy Code, which enables the Court to either dismiss or convert a chapter 13 case for cause. This Court has previously held that a lack of good faith can be cause for dismissal under § 1307. See In re Hartley, 187 B.R. 506, 507 (Bankr. D.S.C. 1995); In re Pryor, 54 B.R. 679, 681 (Bankr. D.S.C. 1985); In re Bowen, C/A No. 07-05485, slip op. at 4 (Bankr. D.S.C. Jan. 9, 2008); In re Brown, C/A No. 03-07515, slip op. at 4 (Bankr. D.S.C. Sept. 26, 2003); In re Seabrook, C/A No. 94-72044, slip op. at 4 (Bankr. D.S.C. Aug. 8, 1994).

Although a determination of "good faith" is required by all of these statutes, the good faith inquiry is not identical for each statute. See In re Bowen, C/A No. 07-05485,

---

[4] Section 1327(a)(7) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Reform Act").

3

slip op. at 4. The standard of proof under each statute is also not identical. See id. (noting that the standard of proof for extension or imposition of the stay under both § 362(c)(3) and § 362(c)(4) is the clear and convincing evidence standard, while the standard of proof for establishing good faith for purposes of § 1325 is the preponderance of evidence standard). The determination of good faith is a fact intensive inquiry. Because each statute serves a unique purpose, the Court applies different factors to determine good faith. See Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982)(providing a nonexclusive list of eight factors to determine whether a plan has been proposed in good faith under § 1325(c)(3)); In re Goodwin, C/A No. 05-45110-jw, slip op. (Bankr. D.S.C. Dec. 19, 2005)(applying a totality of the circumstances test to determine good faith under § 362(c)(3) but providing a list of factors that may be relevant to such a determination); In re Bowen, C/A No. 07-05485, slip op. at 4 (discussing the factors to be applied in determining good faith under § 1325(c)(7)).

In this case, the Trustee is seeking dismissal under § 1307(c) on the grounds that the filing of this case represents bad faith. To determine whether a case has been filed in good faith under § 1307(c), this Court examines the following nonexclusive factors: (1) Debtor's past bankruptcy filings, which includes a determination of whether Debtor experienced a change in circumstances warranting another filing; (2) the period of time that has elapsed between Debtor's prior case and the current case; (3) Debtor's pre-petition behavior; and (4) the effect of Debtor's repeated filings on creditors. In re Brown, C/A No. 03-07515, slip op. at 4 (Bankr. D.S.C. Sept. 26, 2003). Debtor bears the burden of proving that she is entitled to an additional opportunity for relief under the Bankruptcy Code. Id.

Debtor asserts that she has experienced a change in circumstances warranting another filing because her husband was receiving only worker's compensation income in her prior case and has now returned to work. However, Debtor's most recent schedules indicate that their combined average monthly income has decreased by approximately $870.00 since Debtor's husband has returned to work. The mere fact that Debtor's non-filing spouse has returned to work does not persuade the Court that Debtor, a serial filer, has filed this case in good faith. See In re Lewis, C/A No. 08-00617, slip op. at 1-2 (Bankr. D.S.C. Feb. 25, 2008)(finding that a debtor's marriage and the resulting increase in household income was not a substantial change in circumstances under § 362(c)(3)). Debtor's assertion of a change in circumstances fails to persuade the court that the current case is more likely to succeed than her previous case. Therefore, the Court finds that this factor weighs in favor of a finding that the case has been filed not in good faith.

Application of the remaining factors to this case also supports a finding that the case was not filed in good faith. Debtor appears to be a habitual filer, having filed six bankruptcy cases since 1992. Debtor's current case was filed only 62 days after the dismissal of her previous case. Debtor's mortgage creditor, Green Tree, obtained relief from the automatic stay in her previous case but was prevented from proceeding in its efforts to foreclose its mortgage on Debtor's mobile home by this filing. Debtor's other creditors likewise appear to have suffered as a result of the delay caused by Debtor's repeat filings.

The Trustee also asserts that Debtor's intentional failure to file a motion to extend the automatic stay is indicative of bad faith. Because Debtor had a previous case pending and dismissed during the one year period preceding the filing this case, the stay

was scheduled to terminate thirty (30) days after the date she filed her petition. 11 U.S.C. § 362(c)(3)(A). Under § 362(c)(3)(B), Debtor could have filed a motion before the expiration of the 30-day period asking the Court to extend the stay, if she could demonstrate that this case was filed in good faith as to the creditors to be stayed. However, because Debtor's prior case was dismissed for nonpayment, a presumption arises under § 362(c)(3)(C)(i)(II)(cc) that her current case was filed not in good faith. Thus, in order for the Court to extend the automatic stay past the 30-day period, Debtor would have been required to show that she filed her case in good faith by clear and convincing evidence if she had filed the motion. 11 U.S.C. § 362(c)(3)(C). However, Debtor's counsel elected not to file the motion because he believed that the facts of her case would be insufficient to overcome the presumption that the case was filed not in good faith.

One issue that arises as a result of Debtor's decision to not file the motion pursuant to § 362(c)(3)(B) is whether the presumption that the case was filed not in good faith under that section carries over to the other statutes with a good faith element because the presumption was not rebutted. Section 362 is silent on whether this presumption of a lack of good faith applies in other situations presented by the Bankruptcy Code. This Court is not convinced that the presumption of a lack of good faith for extension of stay purposes is binding beyond the confines of § 362(c) when a debtor fails to sufficiently rebut the presumption. The Court believes that a debtor's failure to seek an extension of stay is only one factor relevant in considering whether a case has been filed in good faith. See In re Bowen, C/A No. 07-05485, slip op. at 4 n.2. However, absent the presentation of other evidence, Debtor's failure to seek an extension

6

of stay under the circumstances of this case would weigh in favor of a finding that this case was filed not in good faith.

Based on the evidence currently before the court, the Court finds that the factors for determining good faith weigh in favor of a finding that the case has been filed not in good faith.[5] Accordingly, it is

ORDERED that the Trustee's Petition to Dismiss Chapter 13 Case with Prejudice is granted and this case is hereby dismissed with prejudice as to any subsequent filing by Debtor under Chapters 11, 12, and 13 of the Bankruptcy Code for a period of one (1) year.

**AND IT IS SO ORDERED.**

John E. Waites
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
February 27, 2008

---

[5] Debtor failed to present testimony or evidence at the hearing on the Petition. Presumably, Debtor would have presented testimony or evidence for confirmation purposes that would have been relevant for consideration of the Trustee's petition, but because Debtor filed an amended plan on the eve of the hearing on the Petition and confirmation of the plan, the Court granted the Trustee's request to continue the confirmation hearing to allow him sufficient time to review the amended plan.